## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

**CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov**

July 9, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Michelle W. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
       Civil No. 23-2898-CDA

Dear Counsel:

Pursuant to Local Rule 105.10, Plaintiff Michelle W. ("Plaintiff") filed a Motion to Reconsider (the "Motion") the Court's Memorandum Opinion and Order (the "August 23, 2024 Decision"), which affirmed the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision and closed this case.  ECF 19.  Defendant filed a response in opposition on September 10, 2024.  ECF 20.  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  For the reasons explained below, the Court will DENY the Motion.

## I.    LEGAL STANDARD

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider a judgment under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule of Civil Procedure 59(e).  *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018).  Under Rule 59(e), the Court may alter or amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice."  *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010).  "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly."  *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted).  "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  *Pac.*

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on October 25, 2023.  ECF 1.  Frank Bisignano became the Commissioner of Social Security on May 7, 2025.  Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d).  *See* Fed. R. Civ. P. 25(d).

*Michelle W. v. Bisignano*
Civil No. 23-2898-CDA
July 9, 2026
Page 2

*Ins. Co. v. Am. Nat'l Fire Ins. Co*., 148 F.3d 396, 403 (4th Cir. 1998) (collecting cases).

## II.    ANALYSIS

By and large, Plaintiff's primary contention is that the Court made a clear error of law when it affirmed the ALJ's decision without properly considering her argument that the ALJ contravened Social Security Ruling ("SSR") 96-8p by failing to build an accurate and logical bridge between the evidence and specific production rate limitation in the RFC.  ECF 19, at 1-8 (citing 1996 WL 374184, at *7 (July 2, 1996)).  Plaintiff says that her challenge to the production rate limitation is based on the ALJ's failure to comply with SSR 96-8p, not whether the RFC adequately addressed her moderate concentration, persistence, and pace ("CPP") limitation.  ECF 19, at 4.  According to Plaintiff, these are two "superficially similar, yet fundamentally distinct issue[s.]"  *Id.* at 3.  Plaintiff is wrong for the following reasons.

The Court generally agrees with Plaintiff that the ALJ failed to explicitly identify what evidence they relied on to include a production rate limitation.  *See* Tr. 20-37.  But "the ALJ need not discuss every piece of evidence or follow a particular format in conducting his analysis." *David C. v. Bisignano*, No. 24-2247-CDA, 2025 WL 2172675, at *4 (D. Md. July 30, 2025) (citing *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014)).  Instead, to determine whether SSR 96-8p is satisfied, the Court "must read the ALJ's decision as a whole."  *Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018).  Here, the Court concluded that other evidence in the record, including an opinion the ALJ deemed persuasive, provided the requisite "logical bridge" between "Plaintiff's concentration issues" and "the RFC provision restricting Plaintiff from hourly quotas and assembly-line work."  *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018); *Michelle W. v. O'Malley*, No. 23-2898-CDA, 2024 WL 3925065, at *4 (D. Md. Aug. 23, 2024).  Express identification, as Plaintiff suggests, is not required to provide a proper narrative discussion.

Even if the ALJ failed to comply with SSR 96-8p, Plaintiff must still demonstrate that such error was not harmless.  *David C.*, 2025 WL 2172675, at *4 ("In reviewing SSA decisions, the Court applies a harmless-error standard." (citing *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017))).  Specifically, "where an ALJ 'finds moderate limitation in CPP' and 'has included a . . . restriction to non-production oriented work, *Mascio* does not require further explanation by the ALJ, at least absent some evidentiary showing by the claimant . . . that he or she cannot perform even non-production-type work because of his or her particular CPP deficits.'" *Michelle W.*, 2024 WL 3925065, at *3 (quoting *Grant v. Colvin*, No. 15-0515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016)).  The ALJ here prescribed an RFC limitation that adequately accounted for Plaintiff's moderate CPP limitation.  *See* Tr. 28; *see, e.g., Estelle G. v. Dudek*, No. 24-0012-CDA, 2025 WL 923411, at *3-5 (D. Md. Mar. 26, 2025) (holding that an RFC restricting the claimant to "simple, routine, and repetitive tasks in an environment where [they are] not expected to perform work requiring a specific production rate, such as assembly line work or work that requires hourly quotas[,]" adequately accounted for the claimant's moderate CPP limitation).

Therefore, to allege that the inclusion of a production rate limitation without a proper narrative discussion constituted harmful error, Plaintiff must show that she is unable to perform the RFC because of her moderate CPP limitation, which she fails to do here.  *See* ECF 19, at 2-9.

*Michelle W. v. Bisignano*
Civil No. 23-2898-CDA
July 9, 2026
Page 3

Instead, Plaintiff broadly asserts that "nothing within the medical records, Plaintiff's statements, or any of the medical opinions . . . even remotely suggests that" the specific production rate limitation sufficiently accommodates Plaintiff's CPP limitation. *Id.* at 5. This statement however, without more, does not amount to a sufficient "evidentiary showing . . . that [Plaintiff] cannot perform even non-production-type work because of [her moderate CPP limitation].'" *Grant*, 2016 WL 4007606, at *9. *Mascio*, therefore, did not require that the ALJ further explain the production rate limitation. Moreover, Plaintiff fails to identify any RFC provision that the ALJ should have included in lieu of the production rate limitation and fails to explain how a more detailed explanation of the ALJ's decision to include the limitation might change the outcome of this case. *See Estelle G.*, 2025 WL 923411, at *4. Accordingly, the Court finds that it did not err when it affirmed the ALJ's decision.

## III.    **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 19, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge